UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-61970-WPD

JOSE MONTOYA RAMIREZ,

     Petitioner,

v.

MARKWAYNE MULLIN , SECRETARY, U.S.
DEPARTMENT OF HOMELAND SECURITY (DHS);
*ET AL.,*

     Respondents.

_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner Jose Montoya Ramirez ("Petitioner")'s

Emergency Petition for Writ of Habeas Corpus [DE 1], filed July 16, 2026. The Government has

argued that the Petition must be dismissed because Petitioner is lawfully detained under 8 U.S.C.

§ 1231 and Petitioner has not shown post-removal-order detention in excess of six months under

*Zadvydas v. Davis*, 533 U.S. 678 (2001).  The Court has considered the Petition, the

Respondents' Response [DE 6], Petitioner's Reply [DE 9], and is otherwise fully advised in the

premises.

Petitioner challenges his post-removal-order 8 U.S.C. § 1231 detention, which calls for a

specific period of detention before seeking relief under established principles of this Circuit.  For

the reasons stated, Petitioner's request is premature and must be dismissed.

Section 1231(a) of the INA applies to aliens who are subject to a final order of removal.

*See* 8 U.S.C. § 1231(a).  When an alien is ordered removed, "the Attorney General shall remove

the alien from the United States within a period of 90 days[,]" which is known as the "removal

period."  *Id*.  Once the order of removal is finalized, the Government should do its best to

execute removal during the ninety-day period. *See Zadvydas v. Davis,* 533 U.S. 678, 699–701 (2001). But sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional concerns." *Sosa v. Warden, Baker Corr. Inst.,* No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.*

To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."))

Here, Petitioner is subject to a final order of removal, so this challenge is governed by *Zadvydas*. This Court has taken the position that the removal period does not restart upon a later re-detention and revocation of an order of supervision. Instead, the recent detention period is added to the period of detention that followed the initial order of removal. *See Pierre v. Field Office* Director, Case No. 25-62475-WPD slip op. (Jan. 29, 2026) (collecting cases). After Petitioner's final order of removal was reinstated, he was originally detained from February 2, 2013, to May 7, 2013, a period of 94 days. [DE 6-10]. Petitioner was recently taken into custody on July 7, 2026, and therefore as of the date of this Order has presently been in custody for an additional 24 days. *See id.* Accordingly, the cumulative time Petitioner has spent in detention

following the subject final order of removal does not exceed 180 days. As such, the length of Petitioner's detention is presumptively reasonable under *Zadvydas*, and his request is premature. *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1333 (11th Cir. 2021) ("If after six months he is still in custody and has not been removed from the United States, then he can challenge his detention under section 1231(a). But until then, his detention is presumptively reasonable under *Zadvydas*."), *overruled on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023); *see also Flores-Reyes*, 2026 WL 406708, at *2 (dismissing habeas petition as premature because the post-removal order detention did not exceed six months).

Moreover, the Court warns that, even after 180 days have passed, Petitioner will not be able to show that there is no reasonable likelihood that he will not be removed in the reasonably foreseeable future – the second required prong under *Zadvydas* – if the Government shows that Petitioner is responsible for thwarting his removal. *Lezama Garcia v. Miami Field Office Director*, 2026 WL 632351, at *6 (S.D. Fla. March 6, 2026); *see also Guo Xing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal.").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus [DE 1] is **DISMISSED** as premature.

2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of July, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record
Email: usafls-immigration@usdoj.gov
Email: usafls-2255@usdoj.gov